UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                                           :

LOUIS HOLBECK,                                   :

                          Plaintiff,               :     **MEMORANDUM DECISION**
                                                  :     **AND ORDER**

                - against -                  :

                                                  :     17-CV-3192 (BMC)

ASTRAZENECA PHARMACEUTICALS, LP    :
and ATRAZENECA, LP,
                                                  :

                        Defendants.          :

                                                  :
----------------------------------------------------------- X

**COGAN,** District Judge.

      By Order to Show Cause dated May 31, 2017, entered pursuant to this Court's obligation to examine its subject matter jurisdiction *sua sponte*, see Joseph v. Leavitt, 465 F.3d 87, 89 (2d Cir. 2006), plaintiff was ordered to either file an amended complaint properly alleging the citizenship of defendants for diversity purposes, or to explain why the original complaint adequately alleged diversity. The problem was that the complaint's jurisdictional allegations stated that defendants were corporations, when, as is obvious by their names, they are limited partnerships, and the determination of the citizenship of a limited partnership is not based on its state of formation or principal place of business, as the complaint alleged, but by the imputed citizenship of each of its general and limited partners. See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990); Handelsman v. Bedford Village Assocs. Ltd. P'ship, 213 F.3d 48, 52 (2d Cir. 2000).

      The Order to Show Cause cautioned plaintiff that "the averment of jurisdiction shall be positive – that the declaration shall state expressly the fact[s] upon which jurisdiction depends. It is not sufficient, that jurisdiction may be inferred, argumentatively, from its averments." Brown

v. Keene, 8 Pet. (33 U.S.) 112, 144 (1834) (Marshall, C.J.); see also Belleville Catering Co. v. Champaign Market Place, L.L.C., 350 F.3d 691, 692-93 (7th Cir. 2003).  The Order to Show Cause also cautioned plaintiff that it is sometimes not possible to learn the citizenship of a large limited partnership because business organization statutes generally do not require disclosure of the names of and jurisdictional facts concerning limited and general partners, and if plaintiff could not ascertain the necessary information, then this action had to be brought in state court.

Plaintiff has chosen to file an amended complaint, but has still failed to properly allege diversity jurisdiction.  The amended complaint belatedly recognizes that each defendant is a limited partnership, but instead of alleging the citizenship of each of their general and limited partners, it simply alleges that each "is a "wholly owned subsidiary of AstraZeneca, PLC . . . a FOREIGN CORPORATION, incorporated and existing under and by virtue of the law of the United Kingdom."  However, it is axiomatic that a limited partnership must have at least one general partner and one limited partner.  See Del. Code. Ann. tit. 6, § 17-101(9) ("'Limited partnership' and 'domestic limited partnership' mean a partnership formed under the laws of the State of Delaware consisting of 2 or more persons and having 1 or more general partners and 1 or more limited partners . . . . ").  The amended complaint alleges the identity of neither general nor limited partners, let alone their citizenship for diversity purposes.  It is not enough to allege that each defendant is "wholly owned" in the case of a limited partnership, because that tells the Court nothing for purposes of assessing diversity jurisdiction.

The public filings of these defendants disclose that they were the subject of a complex asset and stock based transaction involving other corporate entities in 2013 and 2014, and there may have been more transactions thereafter.  Perhaps for this reason, other plaintiffs have had difficulty asserting diversity jurisdiction over them, although even in those situations, the

plaintiffs had provided some factual allegations as to their members, unlike plaintiff here.  See, e.g., King v. Astrazeneca Pharm., LP, No. 13-cv-344, 2013 WL 12159351 (M.D. Fla. Sept. 19, 2013); Palmer v. Astrazeneca Pharm., L.P., No. Civ. 06-71, 2006 WL 294783 (S.D. Ill. Feb. 7, 2006).

It is not the responsibility of this Court to analyze public records to determine if plaintiff and defendants are, in fact, diverse.  The allegations are either in the pleading or they are not.  The Order to Show Cause gave ample direction to plaintiff of the need for him to set forth the proper allegations, and it must be assumed that the amended complaint is the best effort he can make to set forth the relevant jurisdictional facts.  As the Court in Belleville, 350 F.3d at 693-94, noted, the worst jurisdictional mistake that either litigants or a federal court can make is to assume jurisdictional facts that later, after extensive litigation, turn out to be mistaken.  Because plaintiff has failed to allege facts showing that there is diversity between these parties, the amended complaint is dismissed for lack of subject matter jurisdiction.

**SO ORDERED.**

                                                                     _____

                                                                                        U.S.D.J.

Dated:  Brooklyn, New York
         June 5, 2017